# IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CASSANDRA E. LYLES<br>649 E. Woodlawn Street<br>Philadelphia, PA 19144 | CIVIL DIVISION |
| Plaintiff, | No. |
| v. | |
| UNITED STATES OF AMERICA<br>c/o MONTY WILKINSON,<br>Acting Attorney General,<br>U.S. Department of Justice<br>21 South 12th Street<br>Philadelphia, PA 19107 | |
| Defendant. | |

## COMPLAINT – CIVIL ACTION
## PREMISES LIABILITY

Plaintiff, CASSANDRA E. LYLES, by and through her attorney, Bruce M. Ginsburg, at Ginsburg & Associates, says by way of Complaint against Defendant, as follows:

### I.   PARTIES

1. Plaintiff, CASSANDRA E. LYLES, is an adult individual residing and domiciled at the above listed address. Plaintiff is a citizen of Pennsylvania.

2. Defendant, UNITED STATES OF AMERICA ("USA"), is a governmental entity with an address for service as captioned above. At all times pertinent hereto, the governmental entity owned and operated, through the Department of the Navy, a NEX Navy Exchange retail store chain with a location at 700 Robbins Street, Building 5, Philadelphia, PA 19111 and with a headquarters located at 1000 Navy Pentagon, 5A532, Washington, D.C. 20350-1000.

## II. JURISDICTION AND VENUE

3. This case is a premises liability claim in Pennsylvania against Defendant, USA, for a trip and fall which occurred on Navy-owned premises, specifically the Naval Exchange Store in Philadelphia, PA. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §1346(b) in that the matter is against an employee of the Government while acting within the scope of his office or employment where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act of omission occurred.

4. Plaintiff complied with the procedures set forth in the Federal Tort Claims Act by filing an SF-95 with the Department of the Navy. A true and correct copy of Plaintiff's SF-95 is attached hereto as Exhibit A.

5. Defendant, USA, through its representatives at the Department of the Navy, acknowledged receipt of Plaintiff's SF-90 on July 8, 2020. A true and correct copy of the Navy's response letter dated July 8, 2020 is attached hereto as Exhibit B.

6. More than six months and a day have passed and Defendant, USA, has failed to make final disposition of the claim which permits Plaintiff to file this lawsuit. 28 U.S.C. §2675

7. Venue is appropriate in this matter pursuant to 28 U.S.C. §1391(b)(2), in the United States District Court for the Eastern District of Pennsylvania because the accident in question occurred at the Navy Exchange in Philadelphia.

8. The amount in controversy exceeds $75,000.00.

9. Plaintiff hereby demands a trial by jury.

## III. FACTS

10. At all times material to this Complaint, Defendant, USA, owned, operated, managed, and/or controlled the property, which was a Naval Exchange store, located at 700

Robbins Street, Building 5, Philadelphia, PA 19111.

11. Defendant, USA, was responsible for the proper maintenance of the aforesaid premises and real property, property and/or sidewalk, and to keep said real property and/or sidewalk safe for pedestrians and those lawfully walking upon the real property and/or sidewalk.

12. At all times material to this Complaint, Defendant, USA, acted or failed to act by its agents, servants, workmen and/or employees, who were then and there acting within the scope of their authority and course of their employment with Defendant, USA, in furtherance of Defendant's business and on behalf of Defendant, USA.

13. On or about August 28, 2018, Defendant, USA, so carelessly and/or negligently allowed a dangerous and defective condition, consisting of broken and/or damaged sidewalk/curb, otherwise unprotected or unmarked, to exist and remain at the premises located at 700 Robbins Street, Building 5, Philadelphia, PA 19111.

14. On or about August 28, 2018, while a business invitee at the above mentioned premises, Plaintiff, CASSANDRA E. LYLES, did fall by reason of coming in contact with the dangerous and defective condition, otherwise unprotected and/or unmarked, sustaining the injuries which form the basis of this action.

15. The aforesaid accident was due solely to the negligence and/or carelessness of Defendant, USA, acting as aforesaid, and was due in no manner whatsoever to any act or failure to act on the part of the Plaintiff.

### COUNT I – NEGLIGENCE
### CASSANDRA E. LYLES vs. UNITED STATES OF AMERICA

16. Plaintiff, CASSANDRA E. LYLES, hereby incorporates into this paragraph by reference all of the above listed paragraphs as though fully set forth at length herein.

17. The negligence and/or carelessness of Defendant, USA, acting aforesaid,

consisted of the following:

    a.    Allowing and causing a dangerous and defective condition to exist at the aforesaid location, of which Defendant knew or should have known by the exercise of reasonable care;

    b.    Failing to remove said dangerous condition of which Defendant knew or should have known and which constituted a danger to persons lawfully walking thereon;

    c.    Failing to correct said dangerous condition of which Defendant knew or should have known and which constituted a danger to persons lawfully walking thereon;

    d.    Failing to keep and maintain the aforesaid premises in a reasonably safe condition for use by its customers;

    e.    Failing to provide and maintain an unobstructed and safe route of travel for Plaintiff;

    f.    Failing to barricade or otherwise contain the area where said dangerous condition existed;

    g.    Failing to warn persons on the premises of the existence of said dangerous condition of which Defendant knew or should have known;

    h.    Disregarding the rights and safety of the Plaintiff; and

    i.    Failing to exercise due care under the circumstances.

18. As a result of this accident, Plaintiff, CASSANDRA E. LYLES, has suffered injuries which are or may be serious and permanent in nature, including a fractured knee cap requiring surgery and a contusion to the right elbow, and as well as other injuries as may be diagnosed by Plaintiff's health care providers, all of which injuries have in the past, and may in the future, cause Plaintiff great pain and suffering.

19. As a further result of this accident, Plaintiff, CASSANDRA E. LYLES, has been or will be required to receive and undergo medical attention and care and to expend various sums

of money and to incur various expenses and may be required to continue to expend such sums or incur such expenditures for an indefinite time in the future.

20. As a further result of this accident, Plaintiff, CASSANDRA E. LYLES, has suffered medically determinable physical and/or mental impairment which prevents the Plaintiff from performing all or substantially all of the material acts and duties which constituted the Plaintiff's usual and customary activities prior to the accident.

21. As a direct and proximate result of the aforementioned accident, Plaintiff, CASSANDRA E. LYLES, has or may hereafter incur other financial expenses which do or may exceed amounts which Plaintiff may otherwise be entitled to recover.

22. As a further result of the accident aforementioned, Plaintiff, CASSANDRA E. LYLES, has suffered severe physical pain, mental anguish and humiliation, and may continue to suffer same for an indefinite time in the future.

**WHEREFORE**, Plaintiff, CASSANDRA E. LYLES, demands judgment against the Defendant, USA, in an amount in excess of Seventy-Five Thousand ($75,000.00) for such actual damages, interest, costs of suit and counsel fees and such other relief as this Court deems just and equitable to reasonably and fairly compensate her in accordance with the laws of the Commonwealth of Pennsylvania.

**GINSBURG & ASSOCIATES**

*/s/ Bruce Martin Ginsburg/*

Bruce Martin Ginsburg, Esquire
Attorney ID #: 22187
2112 Walnut Street
Philadelphia, PA 19103
Phone: (215) 564-4400
Fax: (215) 564-4585
E-mail: BGinsburg@ginsburg-law.com
Attorney for Plaintiff

February 16, 2021